IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD YOUNG** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 07-4509** |
| | : | |
| **LEON KING, <u>et al.</u>** | : | |

<u>MEMORANDUM AND ORDER</u>

**Kauffman, J.**                                                                                                            **April  22,  2008**

Now before the Court is the Motion to Dismiss filed by Defendants Commissioner Leon King, Arthur Blackmon, Deputy Warden Marcella Moore, Sergeant Phyllis Smith, Norma Ojeda, and Correction Officer Veronica Smoke ("Defendants").  For the reasons discussed below, the Motion will be granted.

**I.  BACKGROUND**

According to the Complaint, Plaintiff Ronald Young ("Plaintiff") is an inmate who was sentenced by Judge Minehart of the Philadelphia Court of Common Pleas to 6 to 23 months of imprisonment.  Plaintiff alleges that in June of 2007, Judge Minehart ordered that Plaintiff was to be released on house arrest in August of 2007.  Plaintiff was not released, and as of the date the Complaint was filed, he remains incarcerated.  He alleges that when he inquired about his release date, he was told that he was required to serve an additional sentence.  He further alleges that he complained to prison officials about the length of his incarceration and that these complaints were ignored.

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983, seeking "financial relief for

-1-

time spent incarcerated [because he] could have been earning a living during that period of time."

On January 28, 2008, Defendants filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

## II. LEGAL STANDARD

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court is required "to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). In deciding a 12(b)(6) motion, "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (citations omitted in original) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).

---

[1] Plaintiff has not responded to the Motion to Dismiss, but the Third Circuit has cautioned against granting motions to dismiss as unopposed "without any analysis of whether the complaint failed to state a claim upon which relief can be granted." Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991); see also Chocallo v. IRS Dep't of the Treasury, 145 F. App'x 746, 748 (3d Cir. 2005) ("The District Court erred . . . by relying on a local rule to grant the motion to dismiss a pro se litigant's complaint as unopposed without undertaking a merits analysis."). Because Plaintiff is appearing pro se in this matter, the Court will conduct a merits analysis despite his failure to respond to the Motion.

**III. ANALYSIS**

Defendants argue that Plaintiff's claim is barred pursuant to the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Court held that "where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence." Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006). The Heck rule applies both to claims seeking money damages and to claims seeking equitable relief. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

In the instant case, Plaintiff has not alleged "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Although he seeks monetary relief, success in his § 1983 claim depends on the validity of his continued confinement. Under these circumstances, he cannot maintain the instant action. See id. ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."); see also Royal v. Durison, 254 F. App'x 163, 165 (3d Cir. 2007) (explaining that a

§ 1983 claim alleging that a prisoner's sentence exceeded the statutory maximum was barred by Heck because it challenged the duration of his confinement).

## IV. CONCLUSION

Accordingly, Plaintiff's claim is foreclosed by the Heck rule, and Defendants' Motion will be granted. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD YOUNG** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-4509 |
| | : | |
| **LEON KING, et al.** | : | |

## ORDER

AND NOW, this   22nd   day of April, 2008, upon consideration of Defendants' Motion to Dismiss the Complaint (docket no. 10), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**, and the Clerk of the Court shall mark this case **CLOSED**.

BY THE COURT:


/s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN, J.**